**SUMMONS ISSUED**

**CV-12 0429**

Michael J. Connolly, Esq.
FORMAN HOLT ELIADES & RAVIN LLC
888 Seventh Avenue, 45th Floor, Suite 4500
New York, NY 10106
(212) 707-8500
(212) 707-8511
Attorneys for Plaintiff
Thomas A. Seaman, Receiver for Medical Provider Financial Corporation IV

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★   JAN 3 1 2012   ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
THOMAS A. SEAMAN, Receiver for
Medical Provider Financial Corporation IV,

    Plaintiff,

v.

KATHRYN E. CALABRIA, D.O. P.C.,
a New York Professional Corporation,

    Defendant.
-----------------------------------------------------------x

**HURLEY, J**
**WALL, M.J.**

Civil Action No.:

## PLAINTIFF'S COMPLAINT

Plaintiff, Thomas A. Seaman (the "Receiver" or "Plaintiff"), the Court-appointed permanent Receiver for Medical Provider Financial Corporation IV ("MPFC"), by his attorneys Forman Holt Eliades & Ravin LLC, for his Complaint against the defendant, Kathryn E. Calabria, D.O. P.C., a New York Professional Corporation (the "Defendant"), respectfully alleges that:

### PERSONAL JURISIDICTION

1.    This Court possesses personal jurisdiction over the Defendant because the Defendant is or was a professional corporation organized under the laws of the State of New York and has a principal place of business in the State of New York located at 30 Merrick Avenue, Suite 110, East Meadow, NY 11554.

## SUBJECT MATTER JURISDICTION

2.    The Receiver was appointed by the United States District Court for the Central District of California to serve as the permanent Receiver for MPFC. MPFC is a Nevada corporation with a principal place of business located in Nevada. The Receiver, in his personal capacity, is a citizen of California.

3.    This Court possesses subject matter jurisdiction over this matter under 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and there is complete diversity between the Plaintiff and the Defendant.

4.    The Defendant is a New York Professional Corporation with a principal place of business in New York.

## VENUE

5.    Venue is appropriate in this District pursuant to 28 U.S.C. §§1391(a)(1).

## GENERAL ALLEGATIONS

6.    On or about June 15, 2007, MPFC, as lender, and the Defendant, as borrower, entered into a one year Loan and Security Agreement (hereinafter the "Loan Agreement"), pursuant to which MPFC agreed to provide, and the Defendant, agreed to accept, a revolving loan facility up to a maximum of $1,500,000. A copy of the Loan Agreement is attached as Exhibit "A."

7.    Paragraphs 1.4 and 2 of the Loan Agreement provide for an adjustable rate of interest equivalent to the prime rate as published in the Wall Street Journal on January 1 and July 1 of each year plus eight (8%) adjusted semi-annually on the 1st day of January and the 1st day of July each year.

8.    Paragraph 2.2 of the Loan Agreement provides for payment as follows:

1. During the term of this Agreement and so long as no default shall exist, payments of interest only, in arrears, shall be made each month as specified below. Upon the maturity date, or earlier termination pursuant to the terms hereof, the full outstanding principal and all accrued and unpaid interest, charges, fees and any other amounts due hereunder, shall be due and payable in full.

2. All interest payable by Borrower under the Revolving Loans shall begin to accrue as of the Effective Date [June 15, 2007] and shall be payable commencing six (6) months from Effective Date on the first day of each calendar month during the term of this Agreement. A late payment charge equal to five percent (5%) of each late payment may be charged on any payment not received by Lender within ten (10) calendar days after the payment due date, but acceptance of payment of this charge shall not waive any Event of Default under this Agreement. Upon the occurrence of an Event of Default hereunder, and without consulting a waiver of any such Event of Default, then during the continuation thereof, at Lender's option, the Revolving Loans shall bear interest, on the Daily Balance owing, at a rate equal to three percent (3%) per year in excess of the rate applicable immediately prior to the occurrence of the Event of Default.

9. The Loan Agreement further grants MPFC a continuing security interest in certain collateral owned by the Defendant more fully described in paragraph 1.6 of the Loan Agreement.

10. On or about June 29, 2007, MPFC filed a UCC-1 Financing Statement with the New York Department of State, Uniform Commercial Code Division, thereby perfecting its security interest in the pledged collateral described in paragraph 1.6 of the Loan Agreement. A copy of the UCC-1 Financing Statement is attached at Exhibit "**B**."

11. Paragraph 8 of the Loan Agreement describes the "Events of Default" and provides that:

> Any one or more of the following events shall constitute an Event of Default by Borrower under this Agreement:
>
> a. If Borrower fails or neglects to perform, keep or observe any term, provision, condition, covenant, agreement, warranty or representation contained in this Agreement, or any other present or

future document, instrument or agreement between Borrower and Lender.

\*\*\*

c. If Borrower fails to pay when due and payable or declared due and payable, all or any portion of Borrower's Indebtedness (whether of principal, interest, taxes, reimbursement of Lender Expenses, or otherwise);

12. Paragraph 9 of the Loan Agreement describes MPFC's right upon any event of default which include among other things, under paragraph 9(d), that upon default of its obligations under the said agreement, the Defendant, agreed that it would assemble all required collateral and to make said collateral available to MPFC as MPFC may designate.

13. On or about March 7, 2008, MPFC and the Defendant executed an Addendum to Loan and Security Agreement increasing the credit limit from $1,500,000 to $1,625,000. A copy of the Addendum to Loan is attached at Exhibit "**C**."

14. MPFC advanced the total sum of $1,625,000 to the Defendant.

15. The Defendant defaulted pursuant to the terms of the Loan Agreement as the Defendant failed to timely make the required interest payment due and payable. Subsequent to the initial default, the Defendant continued to draw upon its credit line while failing to remit timely interest payments.

16. As of January 31, 2011, the Defendant remained indebted to MPFC for a total amount of $2,284,116.35, consisting of $1,558,292.54 in principal, $696,627.73 in accrued unpaid interest, and $29,196.08 in late fees. A copy of the payment and accrued interest history is attached at Exhibit "**D**."

4

## FIRST COUNT

### Amount Due Under Loan and Security Agreement

17. The Receiver repeats and realleges each and every allegation of paragraphs 1 through 16 of this Complaint as though fully set forth at length herein.

18. The Defendant owes the principal sum of $1,558,292.52 plus interest, late fees, and attorneys' fees to MPFC under the terms of the Loan Agreement.

19. All conditions precedent to payment have been satisfied or waived.

WHEREFORE, the Receiver demands entry of a Judgment against the Defendant in the principal amount of $1,558,292.52, together with interest, late fees, costs of suit, reasonable attorneys' fees, and for such other and further relief that this Court deems just and proper.

## SECOND COUNT

### Unjust Enrichment

20. The Receiver repeats and realleges each and every allegation of paragraphs 1 through 19 of this Complaint as though fully set forth at length herein.

21. By failing to pay all amounts due to MPFC, the Defendant has been unjustly enriched by its wrongful retention of all proceeds which belong to the Receiver.

WHEREFORE, the Receiver demands entry of a Judgment against the Defendant for compensatory damages, including of actual damages and interest, late fees, costs of suit, reasonable attorneys' fees, and for such other and further relief that this Court deems just and proper.

## THIRD COUNT

### Promissory Estoppel

22. The Receiver repeats and realleges each and every allegation of paragraphs 1 through 21 of this Complaint as though fully set forth at length herein.

23. The Defendant made a clear and definite promise to MPFC that it would pay all amounts due and owing under the Loan Agreement discussed above.

24. In reliance on the clear and definite promise, MPFC provided the funds or advanced credit to the Defendant under the Loan Agreement discussed above.

25. There remains owing by the Defendant to MPFC, an outstanding balance which amounts have been demanded and have not been paid.

WHEREFORE, the Receiver demands entry of a Judgment against the Defendant for compensatory damages, interest, late fees, costs of suit, reasonable attorneys' fees, and for such other and further relief that this Court deems just and proper.

## FOURTH COUNT

### Replevin

26. The Receiver repeats and realleges each and every allegation of paragraphs 1 through 25 of this Complaint as though fully set forth at length herein.

27. Following default of the obligations under the terms of the Loan Agreement, the Defendant became obligated to assemble, account, and surrender all collateral to the Receiver.

WHEREFORE, the Receiver demands entry of a Judgment against the Defendant for entry of an Order requiring the Defendant to assemble and surrender all collateral to the Receiver to provide an accounting and to pay the Receiver the costs of suit, damages, reasonable attorneys' fees, and for such other and further relief that this Court deems just and proper.

## FIFTH COUNT

### Accounting

28. The Receiver repeats and realleges each and every allegation of paragraphs 1 through 27 as though fully set forth at length herein.

29. The Defendant owes a duty to account for the collateral pledged to MPFC.

WHEREFORE, the Receiver demands entry of a Judgment against the Defendant for entry of an Order requiring the Defendant to provide an accounting and to pay the Receiver the costs of suit, reasonable attorneys' fees, and for such other and further relief that this Court deems just and proper.

FORMAN HOLT ELIADES & RAVIN LLC
Attorneys for Thomas A. Seaman, Receiver for
Medical Provider Financial Corporation IV

By: /s/ Michael J. Connolly
Michael J. Connolly

Dated: January 30, 2012